IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-29-FL

| | | |
|---|---|---|
| ROBERT L. DAWSON FARMS, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MEHERRIN AGRICULTURAL & CHEMICAL COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |

This matter comes before the court on appellant's motion for leave to appeal, pursuant to Rule 8004 of the Federal Rules of Bankruptcy Procedure.[1] (DE 14). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, appellant's motion is granted.

## BACKGROUND

Appellant is a multi-generational family farming operation located in Stantonsburg, North Carolina. Appellant filed a voluntary Chapter 11 case in the bankruptcy court on March 14, 2018. On June 8, 2018, appellee asserted two claims relating to goods and services, including pesticides, sold on credit to appellant, William Earl Dawson, and Robert Earl Dawson.[2] Appellee asserts its two claims are secured by a perfected security interest in certain assets owned by appellant.

---

[1] Appellant erroneously cites Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure in its motion. As explained herein, the instant appeal is not as of right.

[2] Appellee also submitted proof of claim related to a loan for a seed cart, which is not at issue here.

On December 14, 2018, appellant commenced an adversary proceeding against appellee, asserting the following claims for relief:

> First Claim for Relief: Avoidance of the lien and security interest, arising in favor of Meherrin prepetition, as a preferential transfer;
>
> Second Claim for Relief: An objection to the Meherrin Proofs of [Claims] and a request that any obligation owed to Meherrin be setoff or offset against any damages for which Meherrin may be liable to the Debtor;
>
> Third Claim for Relief: Declaratory judgment that the March 2018 Financing Statement is avoidable as a preference;
>
> Fourth Claim for Relief: Fraud in connection with the sale of a chemical allegedly causing damage to the tobacco crop;
>
> Fifth Claim for Relief: Unfair and deceptive trade practices in connection with the sale of a chemical allegedly causing damage to tobacco crop;
>
> Sixth Claim for Relief: Breach of warranty relating to the sale of a chemical allegedly causing damage to the tobacco crop;
>
> Seventh Claim for Relief: Negligent misrepresentation relating to the sale of chemicals that allegedly caused damage to the tobacco crop; and
>
> Eighth Claim for Relief: Negligence relating to the sale of a chemical allegedly causing damage to the tobacco crop.[3]

The complaint asserted a jury demand for all issues so triable. On May 20, 2019, the bankruptcy court dismissed with prejudice appellant's first and third claims for relief.

Approximately one and a half months after the bankruptcy court dismissed certain of appellant's claims, the bankruptcy court entered its order confirming the first amended plan of reorganization ("Confirmation Order"). In relevant part, the Confirmation Order provided that:

> The Debtor, through the Meherrin Adversary Proceeding, has requested that the Court make a determination as to the validity, amount, and extent of its purported junior security interest, lien, and encumbrance in certain assets and collateral owned by William Earl Dawson Farms, LLC, arising from the April 2017 LOC Security Agreement, and subsequent filing of the March 2018 Financing Statement shall be determined in the Meherrin Adversary Proceeding: (i) ARC and PLC government

---

[3] The court refers to appellant's fourth through eighth claims for relief collectively as appellant's "products liability claims."

program payments in the aggregate amount of $26,214.00; and (ii) Petition Date wheat straw and subsequent wheat crops and, if necessary, other crops.

Appellee moved to strike appellant's jury demand. The bankruptcy court granted the motion, reasoning that all of the claims for relief asserted in the complaint against appellee are integrally related to the claims-allowance process. In support of its order, the bankruptcy court reasoned that 1) appellant elected to file its adversary proceeding in bankruptcy court, 2) the second claim for relief is comprised of objections to appellee's claims, and 3) the confirmation order referenced that issues as to the amount, validity, and secured status of appellee's claims would be determined by the bankruptcy court.

On February 18, 2020, appellant filed notice of appeal of the bankruptcy court's order. Shortly thereafter, the instant motion followed.

## COURT'S DISCUSSION

A.  Standard of Review

"The district courts of the United States shall have jurisdiction to hear appeals . . . (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3); see Bullard v. Blue Hills Bank, 135 S. Ct. 1686, 1695 (2015). "[A]lthough section 158 provides no direct guidance concerning the grant or denial of leave to appeal interlocutory orders, many courts apply an analysis similar to that employed by the district court in certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b)." Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996) (collecting cases).

First, the court determines whether there is a "controlling question of law as to which there is substantial ground for difference of opinion." Keena v. Groupon, Inc., 886 F.3d 360, 362–63

(4th Cir. 2018). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." In re Trump, 874 F.3d 948, 952 (6th Cir. 2017); Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). Second, the court determines whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Keena, 886 F.3d at 363; see United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340–41 (4th Cir. 2017) (holding interlocutory review under § 1292(b) appropriate where the court "can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts"). Only if these two criteria are satisfied will leave to appeal be given. Keena, 886 F.3d at 363.

B.      Analysis

An order striking a jury demand is interlocutory. City of Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 258 (1949). Therefore, leave of court is required to immediately appeal the bankruptcy court's order.

  1.      Controlling Question of Law

The controlling question of law at issue is whether the Seventh Amendment to the United States Constitution guarantees appellant the right to have its products liability claims tried before a jury in bankruptcy court. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The Seventh Amendment guarantees that "a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law." Curtis v. Loether, 415 U.S. 189, 195 (1974).

4

In Schoenthal v. Irving Tr. Co., the United States Supreme Court considered whether an actions to recover preferential payments were actions at law subject to the protections of the Seventh Amendment. 287 U.S. 92, 94–95 (1932). The court held that, because "common-law actions of trover and money had and received were resorted to for the recovery of preferential payments by bankrupts," such claims were legal in nature. Id. at 94. The court went on to say that "[s]uits to recover preferences constitute no part of the proceedings in bankruptcy but concern controversies arising out of it. They may be brought in the state courts as well as in the bankruptcy courts." Id. at 94–95 (internal citations omitted).

Since Schoenthal, the Supreme Court has held that, in bankruptcy, "there is no Seventh Amendment right to a jury trial for determination of objections to claims." Katchen v. Landy, 382 U.S. 323, 336–37 (1966) (internal citations omitted). Moreover, "[i]f the creditor is met . . . with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity . . . . In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's equity jurisdiction." Langenkamp v. Culp, 498 U.S. 42, 44 (1990) (per curiam) (emphasis in original); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 57–58 (1989); Katchen, 382 U.S. at 336. A claim is "integral to the restructuring of the debtor-creditor relationship" if it affects the "creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res," rather than merely seeking "to augment the bankruptcy estate." See Granfinanciera, 492 U.S. at 56; cf. Stern v. Marshall, 564 U.S. 462, 499 (2011) (relying upon such distinction to resolve a challenge to the bankruptcy court's authority under Article III).

Appellant's second claim for relief in the adversarial proceeding below requests that the bankruptcy court setoff any damages owed to appellant against any secured claim owed to

5

appellee.  See Durham v. SMI Indus. Corp., 882 F.2d 881, 883 (4th Cir. 1989) (quoting First Nat'l Bank v. Hurricane Elkhorn Coal Corp. II, 763 F.2d 188, 190 (6th Cir.1985)) ("Setoff . . . 'is an affirmative defense which must be pled and proven by the party asserting it.'").  A setoff of mutual debts is a preference long sanctioned by the bankruptcy code.  See 11 U.S.C. § 553; Studley v. Boylston Nat. Bank of Bos., 229 U.S. 523, 528 (1913).  Moreover, pleading setoff directly affects the extent to which appellee's secured claim may be allowed, and by extension where appellee stands in relation to other creditors claiming shares of the bankruptcy res.  Thus, the court has no difficulty concluding appellant's second claim for relief is not one subject to trial by jury.

The products liability claims, standing alone, are legal claims.  See Granfinanciera, 492 U.S. at 51 (explaining the Seventh Amendment applies to wholly private tort, contract, and property cases brought before the bankruptcy court).  The products liability claims themselves do not restructure the relationship between the parties, but merely augment the bankruptcy estate with additional resources.  See In re Gulf Coast Lift Truck Co., Inc., 319 B.R. 20, 22 (Bankr. M.D. Fla. 2004).  No creditor's share of the bankruptcy estate is affected by disposition of appellant's fourth through eighth claims for relief.

The specific, controlling question of law is whether an equitable claim of setoff subsumes all legal claims that, standing alone, are entitled to jury trial.  Numerous bankruptcy courts have concluded that claims for damages cannot be viewed in isolation from the asserted right of setoff, and thus the underlying damages claims are also integral to restructuring the debtor-creditor relationship.  See, e.g., In re Big Springs Realty LLC, 430 B.R. 629, 634 (Bankr. D. Mont. 2010); In re WorldCom, Inc., 378 B.R. 745, 753–54 (Bankr. S.D.N.Y. 2007); In re Commercial Fin. Servs., Inc., 251 B.R. 397, 406 (Bankr. N.D. Okla. 2000); Matter of Romar Int'l Georgia, Inc., 198 B.R. 407, 412 (Bankr. M.D. Ga. 1996).

A reasonable jurist could disagree with the approach taken by the bankruptcy courts. "[L]egal claims are not magically converted into equitable issues by their presentation to a court of equity." Ross v. Bernhard, 396 U.S. 531, 538 (1970); see also In re WSC, Inc., 286 B.R. 321, 329 (Bankr. M.D. Tenn. 2002) (quoting Langenkamp, 498 U.S. at 44) ("[A] debtor forfeits its jury trial right only with respect to causes of action 'integral to the restructuring of the debtor-creditor relationship.'"). Moreover, under ordinary Seventh Amendment principles, assertion of an equitable claim does not vitiate the right to jury trial of legal claims. To the contrary, jury trial of legal claims must resolve any common factual issues prior to disposition of equitable claims. See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510–11 (1959). Thus, the court finds there is substantial room for disagreement as to whether the bankruptcy court's order is constitutional.

2.  Material Advancement of the Litigation

The United States Court of Appeals for the Fourth Circuit has in several instances allowed interlocutory review of a Seventh Amendment challenge to the decision to strike a jury demand. See, e.g., Terry v. Chauffeurs, Teamsters & Helpers, Local 391, 863 F.2d 334, 335 (4th Cir. 1988), aff'd sub nom. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558 (1990); Slatin v. Stanford Research Inst., 590 F.2d 1292, 1293 (4th Cir. 1979); Pons v. Lorillard, 549 F.2d 950, 951–52 (4th Cir. 1977), aff'd, 434 U.S. 575 (1978); Tights, Inc. v. Stanley, 441 F.2d 336, 337 (4th Cir. 1971).

Based on these analogous cases under 28 U.S.C. § 1292(b), the court concludes that interlocutory review would materially advance the termination of litigation. The issue of whether appellant is entitled to a jury trial involves a novel issue of constitutional law. The issue before

7

the court is legal as opposed to factual. Moreover, resolving this issue prior to disposition of appellee's claims in the bankruptcy court will ensure that the bankruptcy court tries the adversary proceeding below consistent with any demands imposed on it by the Seventh Amendment, averting need for a second trial.

## CONCLUSION

Based on the foregoing, appellant's motion for leave to appeal (DE 14) is GRANTED. The clerk is DIRECTED to serve a copy of this order on the bankruptcy court, which shall transmit to this court the record on appeal in accordance with the Federal Rules of Bankruptcy Procedure.

SO ORDERED, this the 23rd day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge